UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PARADISE MORGAN, *individually and as the representative of a class of similarly situated person,*<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SOCALI MANUFACTURING, INC., THE CANN + BOTL COMPANY<br><br>　　　　　Defendant. | CASE NO: 1:23-cv-05103-GHW<br><br>**DEFENDANT SOCALI MANUFACTURING, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant SOCALI Manufacturing, Inc. ("Defendant"), by and through counsel, hereby submits the following answers and affirmative defenses to Plaintiff Paradise Morgan's ("Plaintiff") Class Action Complaint (Doc. 1). Defendant denies any and all allegations that are not specifically admitted herein.

　　1.　　Defendant states that Paragraph 1 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 1.

　　2.　　Defendant states that Paragraph 2 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 2.

　　3.　　Defendant states that Paragraph 3 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 3.

　　4.　　Defendant admits that it owns and/or operates the website located at https://drinkcann.com/ ("Website"). Defendant denies any and all remaining allegations contained in Paragraph 4.

5. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5; therefore, Defendant denies the same.

6. Defendant admits that the Website provides a wide array of goods and price specials to the public. Defendant denies any and all remaining allegations contained in Paragraph 6.

7. Defendant denies that the Website is not accessible to blind people. Defendant denies any and all remaining allegations in Paragraph 7.

8. Defendant denies that the Website is an exclusively visual interface. Defendant denies any and all remaining allegations in Paragraph 8.

9. Defendant denies that the Website is not accessible to blind people. Defendant denies any and all remaining allegations in Paragraph 9.

10. Paragraph 10 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all remaining allegations in Paragraph 10.

11. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11; therefore, Defendant denies the same.

12. Defendant denies that the Website is not equally accessible to blind and visually impaired consumers, and that it violates the Americans with Disabilities Act. Defendant denies that Plaintiff is entitled to a permanent injunction or compensatory damages and denies any and all remaining allegations in Paragraph 12.

## JURISDICTION AND VENUE

13. Paragraph 13 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies that this Court has subject-matter jurisdiction over this action.

14. Paragraph 14 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies that this Court has supplemental jurisdiction over Plaintiff's claims under New York States and New York City law.

15. Paragraph 15 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies that venue is proper. Defendant denies any and all remaining allegations contained in Paragraph 15.

16. Defendant admits that it is registered to do business in New York State. Defendant denies any and all remaining allegations contained in Paragraph 16.

## PARTIES

17. Defendant states that Paragraph 17 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 17.

18. Defendant denies Plaintiff's allegations regarding the accessibility barriers on the Website. Further, Defendant lacks knowledge and information sufficient to form a belief regarding whether Plaintiff is a "legally blind and a member of a protected class under the ADA [. . .] and the New York City Human Rights Law."; therefore, Defendant denies the same. Defendant denies any and all remaining allegations contained in Paragraph 18.

19. Defendant SOCALI Manufacturing, Inc. admits that it is a California Foreign business corporation doing business in New York State. Its principal place of business is located at 20 Jay St., Brooklyn, New York.

20. Defendant states that Paragraph 20 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant lacks

knowledge and information sufficient to form a belief as to the truth of the allegation in Paragraph 20.

21. Defendant SOCALI Manufacturing, Inc. admits that it owns and/or operates the Website, which provides consumers with access to an array of goods and services, including the ability to view the various flavors of hemp-infused beverages which can be purchased with the click of a mouse, and learn about promotions, among other features. Defendant further states that the remaining allegations in Paragraph 21 are a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 21.

## NATURE OF ACTION

22. Defendant states that Paragraph 22 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 22.

23. Defendant states that Paragraph 23 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 23.

24. Defendant states that Paragraph 24 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 24.

25. Defendant states that Paragraph 25 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 25.

26. Defendant states that Paragraph 26 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies any and all remaining allegations contained in Paragraph 26.

## **FACTUAL ALLEGATIONS**

27. Defendant admits that it owns and/or operates the Website in New York State and throughout the United States.

28. Defendant admits that it owns and/or operates the Website which offers products for online sale, and allows users to browse various flavors of hemp-infused beverages, make purchases, and perform other functions.

29. Defendant admits that the Website allows consumers to connect with the company via social media, using sites as Facebook, Twitter, and Instagram. Defendant further admits the allegations in Paragraph 29(b) and Paragraph 29 (c) but clarify that consumers can purchase hemp-infused products on the Website, not cannabis-infused products.

30. Defendant denies any and all allegations contained in Paragraph 30.

31. Defendant denies any and all allegations contained in Paragraph 31.

32. Defendant denies any and all allegations contained in Paragraph 32.

33. Defendant denies any and all allegations contained in Paragraph 33.

34. Defendant denies any and all allegations contained in Paragraph 34.

35. Defendant denies that blind visitors to the Website are unable to complete a transaction. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35; therefore, Defendant denies the same.

36. Defendant denies that blind visitors to the Website are unable to complete a transaction. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36; therefore, Defendant denies the same.

37. Defendant denies any and all allegations contained in Paragraph 37.

38. Defendant denies any and all allegations contained in Paragraph 38.

39. Defendant denies any and all allegations contained in Paragraph 39.

40. Defendant denies any and all allegations contained in Paragraph 40.

41. Defendant denies any and all allegations contained in Paragraph 41.

42. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42; therefore, Defendant denies the same.

43. Defendant lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43; therefore, Defendant denies the same.

44. Defendant denies any and all allegations contained in Paragraph 44.

45. Defendant denies any and all allegations contained in Paragraph 45.

46. Defendant denies any and all allegations contained in Paragraph 46.

47. Defendant denies any and all allegations contained in Paragraph 47.

## CLASS ACTION ALLEGATIONS

48. Paragraph 48 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 48.

49. Paragraph 49 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 49.

50. Defendant states that Paragraph 50 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the same.

51. Defendant denies any and all allegations contained in Paragraph 51.

52. Defendant states that Paragraph 52 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the same.

53. Paragraph 53 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 53.

54. Paragraph 54 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 54.

55. Paragraph 55 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 55.

56. Defendant states that Paragraph 56 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the same.

57. Defendant states that Paragraph 57 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the same.

**FIRST CAUSE OF ACTION**

58. Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 58.

59. Paragraph 59 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 59.

60. Paragraph 60 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 60.

61. Paragraph 61 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 61.

62. Paragraph 62 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 62.

63. Paragraph 63 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 63.

64. Paragraph 64 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 64.

65. Paragraph 65 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 65.

66. Paragraph 66 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 66.

67. Paragraph 67 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 67.

68. Defendant denies any and all allegations contained in Paragraph 68.

69. Defendant denies any and all allegations contained in Paragraph 69.

70. Paragraph 70 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 70.

71. Paragraph 71 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 71.

72. Paragraph 72 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 72.

73. Paragraph 73 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 73.

## SECOND CAUSE OF ACTION

74. Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 74.

75. Paragraph 75 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 75.

76. Paragraph 76 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 76.

77. Paragraph 77 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 77.

78. Paragraph 78 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 78.

79. Paragraph 79 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 79.

80. Paragraph 80 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 80.

81. Paragraph 81 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 81.

82. Defendant denies any and all allegations contained in Paragraph 82.

83. Defendant denies any and all allegations contained in Paragraph 83.

84. Defendant denies any and all allegations contained in Paragraph 84.

85. Defendant denies any and all allegations contained in Paragraph 85.

86. Paragraph 86 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 86.

87. Paragraph 87 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 87.

88. Paragraph 88 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 88.

## THIRD CAUSE OF ACTION

89. Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 89.

90. Defendant states that Paragraph 90 contains no allegations directed to Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the same.

91. Paragraph 91 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 91.

92. Paragraph 92 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 92.

93. Paragraph 93 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 93.

94. Paragraph 94 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 94.

95. Paragraph 95 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 95.

96. Paragraph 96 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 96.

97. Paragraph 97 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 97.

98. Paragraph 98 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 98.

99. Defendant denies any and all allegations contained in Paragraph 99.

100. Paragraph 100 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 100.

101. Paragraph 101 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 101.

**FOURTH CAUSE OF ACTION**

102. Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 102.

103. Paragraph 103 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 103.

104. Paragraph 104 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 104.

105. Paragraph 105 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 105.

106. Paragraph 106 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 106.

107. Paragraph 107 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 107.

108. Defendant denies any and all allegations contained in Paragraph 108.

109. Defendant denies any and all allegations contained in Paragraph 109.

110. Paragraph 110 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 110.

111. Paragraph 111 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 111.

112. Paragraph 112 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 112.

113. Paragraph 113 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 113.

## **FIFTH CAUSE OF ACTION**

114. Defendant incorporates its responses to all previous paragraphs as if fully set forth in its response to Paragraph 114.

115. Paragraph 115 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 115.

116. Paragraph 116 is a legal conclusion for which no response is required. To the extent a response is required, Defendant denies any and all allegations contained in Paragraph 116.

**AFFIRMATIVE DEFENSES**

For its affirmative defenses to Plaintiff's Class Action Complaint, Defendant states as follows:

1. Defendant at all times acted in good faith and in compliance with the law.

2. The allegations contained in Plaintiff's Class Action Complaint fail to state a claim upon which relief can be granted.

3. The allegations contained in Plaintiff's Class Action Complaint fail to state a claim because the claims are improperly pled.

4. The allegations contained in Plaintiff's Class Action Complaint fail under the Americans with Disabilities Act ("ADA"), the New York States Human Rights Law ("NYSHRL"), the New York States Civil Rights Law ("NYSCRL"), and the New York City Human Rights Law ("NYCHRL") because Plaintiff cannot establish that she was excluded from participation in Defendant's goods, services, facilities, or accommodations because of her disability.

5. The allegations contained in Plaintiff's Class Action Complaint fail under the ADA, NYSHRL, NYSCRL, and NYCHRL because Plaintiff cannot show that she was denied the full and equal enjoyment of Defendant's goods, services, facilities, or accommodations because of her disability by Defendant failing to make a requested reasonable modification that was necessary to accommodate Plaintiff's disability.

6. The allegations contained in Plaintiff's Class Action Complaint fail under the ADA because Plaintiff did not request a reasonable modification that was necessary to accommodate Plaintiff's disability.

7. The allegations contained in Plaintiff's Class Action Complaint fail under the ADA, NYSHRL, NYSCRL, and NYCHRL because the Website is not a place or provider of public accommodation, resort, or amusement within the meaning of those laws.

8. The allegations contained in Plaintiff's Class Action Complaint fail under the ADA, NYSHRL, NYSCRL, and NYCHRL because current law does not require Defendant to implement policies and procedures demanded by Plaintiff.

9. The allegations contained in Plaintiff's Class action fail under the ADA, NYSHRL, NYSCRL, and NYCHRL to demonstrate that the website is integrated with a physical location.

10. The allegations contained in Plaintiff's Class Action fail under the ADA, NYSHRL, NYSCRL, and NYCHRL because implementing the WCAG 2.1 Level AA guidelines would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations of the website, or would result in an undue burden.

11. Defendant provides reasonable alternatives for visually impaired individuals, through among other things, providing in-person and telephonic assistance to provide customers with information about and access to its products and services.

12. The allegations contained in Plaintiff's Class Action Complaint fail to state a claim for declaratory judgment because such relief will not terminate the controversy giving rise to the proceeding.

13. The allegations contained in Plaintiff's Class Action Complaint are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

14. Defendant's right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

15. The allegations contained in Plaintiff's Class Action Complaint fail to demonstrate that Plaintiff sought, and Defendant failed to provide appropriate auxiliary aids and services.

16. The Class Action Complaint should be dismissed for lack of Article III standing.

17. The allegations contained in Plaintiff's Class Action Complaint fail to show that a class can or should be certified pursuant to Federal Rule of Civil Procedure 23.

18. The allegations contained in Plaintiff's Class Action Complaint demonstrate that Plaintiff's claims are unique to Plaintiff and not common to the putative class.

19. The allegations contained in Plaintiff's Class Action Complaint demonstrate that Plaintiff will not adequately represent the putative class because her claims and alleged injuries are dissimilar to those of the putative class.

20. The allegations contained in Plaintiff's Class Action Complaint demonstrate that the putative class is not sufficiently numerous to warrant certification pursuant to Federal Rule of Civil Procedure 23.

21. Defendant denies that it has any liability or obligation for Plaintiff's or the putative class's alleged damages, and affirmatively states that Plaintiff's claims are barred, in whole or in part, for failure to join the proper, responsible part(ies) to this action and/or to bring or allege this action against the third part(ies).

22. Plaintiff's claims are barred, in whole or in part, because neither she nor any putative class member suffered any cognizable injury or loss. Further, Plaintiff's and the putative class's alleged damages are *de minimis*, and/or are too speculative, and/or are too remote, and/or

are impossible to prove and/or allocate. Plaintiff and the putative class have also failed to mitigate their alleged damages.

23. Plaintiff's claims are barred, in whole or in part, because any award to her or any putative class member in this action would constitute unjust enrichment.

24. To the extent Plaintiff's claims for damages rely on acts of third part(ies) and/or Defendant's agents imputed to Defendant, the limitations inherent in general agency principles and corporate separateness prohibit recovery.

25. No act or omission of Defendant was malicious, willful, wanton, reckless or with a conscious disregard for the rights of others.

26. No act or omission of Defendant constituted willful or intentional discrimination.

27. No act or omission of Defendant constituted aiding or inciting a violation of the NYSCRL.

28. Plaintiff and the putative class have failed to plead or establish entitlement to any award of attorneys' fees or costs.

29. Plaintiff and the putative class have failed to demonstrate that all administrative remedies were properly exhausted.

30. Plaintiff's Class Action Complaint, to the extent that it seeks relief and/or judgment on behalf of persons who are not parties to this action, violates Defendant's right to substantive and procedural due process and equal protection under the law as provided by the Fifth and Fourteenth Amendments of the United States Constitution and the New York Constitution.

31. The allegations contained in Plaintiff's Class Action Complaint inappropriately demand multiple recoveries for the same harm.

32. Because the allegations contained in Plaintiff's Class Action Complaint lacks merit, Defendant should recover all costs and attorneys' fees incurred herein.

33. Defendant currently has insufficient knowledge or information from which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses would be appropriate.

WHEREFORE, having fully answered Plaintiff's Class Action Complaint, Defendant respectfully requests that Plaintiff's claims be dismissed, for its attorneys' fees and costs, and for such other and further relief as the Court deems just and proper.

Dated: October 5, 2023

    Respectfully submitted,

    */s/ Karla Del Pozo García*
    Karla Del Pozo García
    Dentons US LLP
    1221 Avenue of the Americas
    New York, New York 10020
    Telephone: (212) 768-5328
    Fax:  (212) 768-6800
    karla.delpozogarcia@dentons.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October 2023, a true and accurate copy of the foregoing document was filed utilizing this Court's CM/ECF system, which serves notice upon the following counsel:

Dan Shaked
Shaked Law Group, P.C.
14 Harwood Court
Suite 415
Scarsdale, NY 10583
917-373-9128
Email: shakedlawgroup@gmail.com
*Attorney for Plaintiff*

*/s/ Karla Del Pozo García*
*Counsel for Defendant*